IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
OCT 20 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:26-mj-329
)
MICHAEL MCGUIRE, JR., )
)
Defendant. )

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Task Force Officer Michael Bouchard, Task Force Officer with the Bureau of Alcohol, Tobacco, and Firearms (ATF), United States Department of Justice, having been duly sworn, depose and state that:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have served in that capacity for over three years. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws. I have also been employed by the Portsmouth Police Department for 13 years and am currently assigned to the Intel Unit for firearm investigations. During my time with the Portsmouth Police Department, I have received training and experience with various narcotic and firearm investigations. These investigations required me to seek search and arrest warrants through state magistrates and courts.

2. As a federal Task Force Officer, I am authorized to investigate violations of federal law and to execute warrants issued under the authority of the United States. As a Portsmouth

Police Department Detective, I am authorized to investigate violations of state law and execute warrants issued under the authority of the state of Virginia.

3. The statements in this affidavit are based in part on my investigation of this matter, information from cooperators who have been found to be reliable, and on information provided by other law enforcement officers/agents. Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.

## II. CRIMINAL OFFENSE

4. Section 922(g)(1) of Title 18 of the United States Code provides that "[i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . ." 18 U.S.C. § 922(g)(1).

5. Your affiant makes this affidavit in support of an application for an arrest warrant for **MICHAEL MCGUIRE, JR.** (hereinafter, "**MICHAEL MCGUIRE, JR.**" or "**MCGUIRE**") in relation to the following offense occurring in the Eastern District of Virginia:

a. Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## III. PROBABLE CAUSE

6. Through my own investigation and through members of the investigative team, I have learned the following facts:

7. On May 28, 2026, Portsmouth Police Department officers responded to a disorderly conduct call from an apartment in Portsmouth, Virginia. While walking to the apartment, officers

observed a male inside a breezeway of another building. Upon observing the officers, the male quickly concealed a firearm in the groin area of his pants.

8. The officers approached the male, later identified as **MCGUIRE,** and attempted to detain him. **MCGUIRE** then began to resist the officers and made multiple attempts to reach the area where he had concealed the firearm. **MCGUIRE** disregarded commands from officers not to reach for the weapon.

9. During the struggle, **MCGUIRE** was able to get one of his arms free and handed another subject a bag that appeared to contain capsules of white powder. After **MCGUIRE** was eventually detained, the other subject handed an officer the bag of capsules containing white powder. Officers conducted a field test of the capsules, which yielded a positive result for fentanyl.

10. **MCGUIRE** was placed in custody and a search of his person was conducted. Police recovered another bag containing white-powder capsules from his front left pocket. A field test was also conducted for that bag, which yielded a positive result for fentanyl. Additionally, officers removed a Taurus PT 92 AFS 9mm pistol from **MCGUIRE**'s groin area and a loaded magazine from his right pocket. The firearm was later test fired and determined to be in functional condition. An interstate nexus was also completed, and the firearm was determined to have been manufactured outside of the Commonwealth of Virginia.

11. Both bags of capsules were sent to the Commonwealth of Viginia's Department of Forensic Science (DFS). A certificate of analysis was later provided that indicated both bags contained capsules of fentanyl. DFS determined that the first bag contained 29 capsules containing fentanyl, weighing approximately 4.24 grams in total. DFS determined that the second bag contained 349 capsules containing fentanyl, weighing 53.36 grams in total.

12. A review of **MCGUIRE**'s criminal history indicated that he has been convicted of felony crimes punishable by imprisonment for a term exceeding one year on nine previous occasions. **MCGUIRE**'s previous felony convictions include robbery and use of a firearm in the commission of a felony (1999); distribute to accommodate Sch I/II (2013); and forgery and uttering (1998). According to the Portsmouth Circuit Court Clerk's Office, there is no record of **MCGUIRE** petitioning to have his firearm rights restored.

## IV. CONCLUSION

13. Based on the above, I respectfully submit there is probable cause to believe that **MICHAEL MCGUIRE, JR.** has committed, in the Eastern District of Virginia, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Possession of a Firearm by a Felon.

Further your affiant sayeth naught.

Michael Bouchard, Task Force Officer
Bureau of Alcohol, Tobacco, and Firearms (ATF)

Sworn and subscribed to before me this 20th day of October 2026.

UNITED STATES MAGISTRATE JUDGE

Read and Reviewed:

Hannah E. Wirt
Special Assistant United States Attorney